CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

MAR 0 1 2013

JULIA C. ~~~~~, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| KENNETH EDWARD BARBOUR, | CASE NO. 7:13CV00085 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| ARLINGTON VIRGINIA COMMONWEALTH ATTORNEY, | By: James C. Turk<br>Senior United States District Judge |
| Defendant. | |

Plaintiff Kenneth Barbour, a Virginia inmate proceeding pro se, brings this civil rights complaint under 42 U.S.C. § 1983. Barbour alleges, among other things, that officials at Red Onion State Prison treat different types of mail differently, that they only allow indigent inmates to mail five letters per month, that the Virginia Department of Corrections ("VDOC") requires officials to hold $25 in each inmate's trust account for his release, and that "Medco Loans" have caused him to incur a debt of $68.50. Barbour seeks to have all debts cancelled and to obtain access to all his trust account funds. Plaintiff did not submit payment of the $350 filing fee, but moves to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915. After reviewing the record, the court denies the motion to proceed without prepayment of the fee and summarily dismisses the action under 28 U.S.C. § 1915(g).

Plaintiff has had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See, e.g., Barbour v. Virginia Dept. of Corr., et al., 7:09-cv-00091 (W.D. Va. Apr. 8, 2009); Barbour v. Stanford, et al., 7:09-cv-00077 (W.D. Va. Apr. 7, 2009); Barbour v. Virginia Dept. of Corr., 7:09-cv-00083 (W.D. Va. Apr. 6, 2009). In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the court previously advised plaintiff that he needed to submit the $350.00

filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. See, e.g., Barbour v. Keeffee Commissaries at VDOC's, No.7:09-cv-00154 (W.D. Va. May 12, 2009).

After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any *facts* indicating that the circumstances of which he complains place him under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Based on the foregoing and the complaint, the court finds that plaintiff fails to demonstrate any imminent danger of serious physical harm and plaintiff has not paid the $350.00 filing fee despite being previously advised of having three strikes. Accordingly, the court denies plaintiff's motion to proceed in forma pauperis and dismisses the complaint without prejudice for failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis). Moreover, the court certifies that an appeal of this order would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 1st day of March, 2013.

/s/ James C. Turk
Senior United States District Judge